IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17-CR-190 |
| vs. | |
| CURTIS HOLMES, JR., | MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |
| Defendant. | |

This matter is before the Court for initial review of Defendant's, Curtis Holmes's, pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing 45. For the reasons stated herein, Defendant's motion will be denied.

**I. BACKGROUND**

Defendant pleaded guilty to one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1), pursuant to a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Filing 28; Filing 33. The parties agreed Defendant would receive a sentence of 151 months' incarceration, Filing 28 at 3, and the Court[1] sentenced Defendant to the agreed upon term of imprisonment, Filing 33.

In relevant part, Defendant's Revised Presentence Investigation Report (RPSR) noted Defendant had three prior felonies that were "either a crime of violence or a controlled substance offense," and thus, he was subject to a career criminal enhancement pursuant to United States Sentencing Guidelines Manual § 4B1.1(b)(3), which applies to defendants with two such prior felonies. Filing 30 at 7. Two of the three prior felonies used in arriving at the enhancement were convictions for making terroristic threats in Nebraska, Filing 30 at 7, which at the time, were

---

[1] Judge Laurie Smith Camp was the sentencing judge. This case has been reassigned to the undersigned due to her untimely death.

1

considered crimes of violence or "violent felonies" in the Eighth Circuit, *see Fletcher v. United States*, 858 F.3d 501, 508 (8th Cir. 2017) ("Fletcher's convictions for making terroristic threats categorically qualify under the [Armed Career Criminal Act]'s force clause."). Under that precedent, Defendant's guideline custody range was correctly calculated as 151 to 188 months' incarceration. See Filing 30 at 27. There were no objections to the RPSR.

At Defendant's sentencing, on January 8, 2018, defense counsel argued in favor of the Court allowing Defendant to serve his federal sentence concurrently with the remainder of a state court sentence he was then already serving. Filing 44 at 3. In support of his argument, counsel noted for the Court that he had filed a petition for a writ of certiorari from the United States Supreme Court in *Fletcher*, challenging the Eighth Circuit's determination that the Nebraska terroristic threats offense at issue was a crime of violence and that he had concerns about his client being classified as a career offender, because his petition was still pending and he was hopeful that the Court would overrule the Eighth Circuit's holding. Filing 44 at 3. Counsel correctly asserted that if the terroristic threats offense was not to a crime of violence, as the Eighth Circuit had held, then Defendant would be facing a significantly lower guideline range of imprisonment for his offense. Filing 44 at 3. Counsel further noted that if the Supreme Court later reversed the Eighth Circuit as to the crime of violence determination, his client would be left without an "avenue to come back and ask the Court to rectify that error." Filing 44 at 3. Because of that, counsel argued, the Court ought to have ordered Defendant's federal sentence to be served concurrent with his state sentence. Filing 44 at 3-4.

Well after Defendant was sentenced, in 2021, the United States Supreme Court decided *Borden v. United States*, which held that where a defendant was convicted of an offense that "requires only a *mens rea* of recklessness—a less culpable mental state than purpose or

knowledge," the offense does not qualify as a crime of violence or "violent felony." 141 S. Ct. 1817, 1821 (2021). In short, defense counsel's prediction had proven accurate. As recognized recently by the Eighth Circuit, "Although *Fletcher v. United States*, 858 F.3d 501 (8th Cir. 2017), held that the Nebraska offense of terroristic threats categorically qualified as a violent felony, *Borden* supersedes that decision." *United States v. Williams*, 24 F.4th 1209, 1212 (8th Cir. 2022). Thus, the two terroristic threat offenses that were used to justify Defendant being classified as a career offender would no longer suffice to support such a sentencing enhancement if he were sentenced today. Defendant now submits his § 2255 Motion on the grounds of ineffective assistance of counsel. Filing 44; Filing 45.

## II. DISCUSSION

### A. Standard of Review

28 U.S.C. § 2255(a) provides a mechanism for relief if a prisoner is in custody due to a "sentence . . . imposed in violation of the Constitution or laws of the United States." Upon receipt of a motion requesting such relief, the Court "shall . . . grant a prompt hearing thereon." 18 U.S.C. § 2255(b) However, no hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 18 U.S.C. § 2255(b). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019) (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)).

### B. Analysis

Defendant asserts his attorney during his plea and sentencing "provided ineffective assistance of counsel for his failure to thoroughly assess [Defendant's] criminal history category

3

prior conviction, in [light of new precedent holding] that the Nebraska prior offense of terroristic threats does not constitution[sic] a violent felony." Filing 44 at 2. Defendant further asserts counsel was ineffective in "fail[ing] to raise the same argument that [counsel] pursued in the Fletcher case," and in not objecting to the RPSR's inclusion of the career offender enhancement "to preserve [Defendant's] claims for further relief before the district court under a writ of habeas corpus." Filing 44 at 5.

"The Sixth Amendment guarantees the right to effective assistance of counsel during plea negotiations and the entry of a guilty plea." *Walker v. United States*, 810 F.3d 568, 577–78 (8th Cir. 2016). That right extends to all critical stages of a criminal proceeding, including sentencing. *United States v. Thompson*, 713 F.3d 388, 394 (8th Cir. 2013) (citing *Gardner v. Florida*, 430 U.S. 349, 358 (1977)). To be eligible for relief based on ineffective assistance of counsel, a defendant must show "(1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense." *Guzman-Ortiz v. United States*, 849 F.3d 708, 713 (8th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

"Demonstrating deficient performance requires showing 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland*, 466 U.S. at 687). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689). To show prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

4

Defendant's assertion of ineffective assistance is essentially a claim that counsel was deficient for failing to object to the RPSR based on anticipated changes in the law. This argument is without merit, however. It is a well-established matter of law that a failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("Counsel is not accountable for unknown future changes in the law."); *Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999) ("failing to anticipate a change in the law . . . does not constitute ineffective assistance"). Further, "failure to raise a 'novel argument' based on admittedly unsettled legal questions 'does not render [counsel's] performance constitutionally ineffective.'" *Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014) (quoting *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005)); *Cf. Toledo*, 581 F.3d at 681 ("It is not ineffective assistance of counsel to withdraw objections that have no support in the law.").

Here, that counsel did actually anticipate the change in the law at issue and use the potential for change to argue for a favorable a sentence under the terms of the parties' plea agreement further indicates his performance was anything but deficient. *See Stewart v. United States*, 4:19-CV-3189-CDP, 2022 WL 1165834, at *4 (E.D. Mo. Apr. 20, 2022) (finding no ineffective assistance of counsel where defense attorney anticipated a change of law and argued for a lower sentence on that basis but failed to raise formal objections). The record reveals that counsel had a firm grasp at the state of the applicable law at the time, and he used it as advantageously as possible on behalf of his client. Defendant's allegations fail to indicate counsel's performance was deficient in any way.

Finally, even if counsel's performance was deficient in failing to anticipate a higher court's ruling over three years before such ruling was made, there would still be no prejudice here. As part of Defendant's Rule 11(c)(1)(C) plea agreement, which secured him a low-end guideline sentence,

he waived all right to appeal and to collaterally attack his sentence or conviction except in the case of ineffective assistance of counsel or a later determination of an appellate court that the charge to which Defendant pleaded guilty to failed to state a crime. Filing 28 at 4. It is well established that a "'voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.' Time and again, appellate courts have enforced appellate waivers even after the law has changed." *United States v. Cooney*, 875 F.3d 414, 416 (8th Cir. 2017) (quoting *United States v. Reeves*, 410 F.3d 1031, 1035 (8th Cir. 2005)). Thus, even if counsel had raised the objection Defendant now asserts should have been raised in vain, the argument would be unavailable on appeal and collateral attack. The Court finds no prejudice in failing to preserve an argument that was both meritless at the time and unavailable for preservation on appeal or collateral attack due to the parties' plea agreement.

### C. Certificate of Appealability

A petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). The Court will only grant a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To show the denial of a constitutional right, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant has made no such showing, and no certificate of appealability will issue.

### III. CONCLUSION

For the foregoing reasons, Defendant's allegations, accepted as true, and the record as a whole conclusively establish Defendant is not entitled to relief. Accordingly,

IT IS ORDERED:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing 45, is denied;

2. No certificate of appealability will issue;

3. The Court will enter a separate Judgment; and

4. The Clerk of Court is directed to mail a copy of this Memorandum and Order and the Court's accompanying Judgment of this date to Defendant at the address of record for his current place of incarceration.

Dated this 6th day of July, 2022.

                                                BY THE COURT:

                                                Brian C. Buescher
                                                United States District Judge